UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY WAYNE ZELLA, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:18-cv-00669 |
| | § | |
| GENERAL ELECTRIC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

This matter comes before the Court on the defendant's, General Electric Company, (the "defendant"), motion to dismiss. (Dkt. No. 39). The plaintiff, Gary Wayne Zella (the "plaintiff"), proceeding *pro se*, filed this action on March 2, 2018, purporting to allege an "International Commercial Claim" against the defendant. At the time of his initial filing, the plaintiff styled his action as "*Party X v. Party Y*." (*See* Dkt. No. 1). On April 4, 2018, the plaintiff filed a "Final Amended Complaint" against "Unnamed Defendant" in which he details several instances he alleges to have experienced over the course of the past ten years and seeks in excess of $3 billion dollars. (*See* Dkt. No. 8). Pursuant to an Order dated April 6, 2018, however, Judge Keith Ellison struck the plaintiff's "Final Amended Complaint" due to his failure to: (1) allege jurisdictional grounds upon which to invoke federal jurisdiction; and (2) meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*See* Dkt. No. 11). Judge Ellison further ordered the plaintiff to file an amended complaint in compliance with the federal rules within thirty days of the date of his order. *See id.*

On April 17, 2018, the plaintiff filed an "Amended Complaint" naming "General Electric; et al" as the defendant and alleging federal question jurisdiction under "Civil Racketeering Statutes in the United States Codes." **(**Dkt. No. 14, at 2). In a section entitled,

"Cause(s) for Civil Action," the plaintiff asserted the following: 18 U.S.C. §§ 241, 1503, 1512, 1513, 1952, and 1961 and listed "Fraud, Racketeering activity to deny a Civil Claim" as a brief description of his cause. *See id.* In a section entitled, "Demand for Relief Sought" the plaintiff requested $2,716,000,000 from the defendant for twenty-three random counts. (*Id.*). On April 20, 2018, the case was reassigned to this Court. (Dkt. Nos. 16 - 17).

On April 26, 2018, the plaintiff filed another "Amended Complaint" naming "General Electric Company: et al" as a defendant. (Dkt. No. 26). In his new amended pleading, the plaintiff alleged federal question jurisdiction pursuant to 28 U.S.C. § 1333, and identified the nature of his suit as "Marine—Enforcement of Maritime Lien." (Dkt. No. 26 at 2). The plaintiff asserted that he "is entitled to relief by nexus of completion of an Administrative Procedure for Remedy in the Admiralty, I.C.C. # RE 485 151 659 US dated on or about January 13, 2016." (*Id*. at 1). He further demanded relief in excess of $2 billion from GE. (*Id.*) On June 18, 2018, the plaintiff filed another "Amended Complaint", which essentially mirrors his previously-filed "Amended Complaint." (Dkt. No. 36).

The plaintiff's "Amended Complaint", as presently composed, however, still suffers from various fatal flaws, fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and is simply unintelligible. This Court's review of the Civil Cover Sheet attached to the plaintiff's "Amended Complaint" does nothing to clarify matters. Nor do any of the documents filed subsequent to his complaint shed light on the nature of his claims. On the Civil Cover Sheet attached to his "Amended Complaint", the plaintiff identifies federal question as the basis of jurisdiction for his action. (*See* Dkt. No. 36-1). In the "Nature of Suit" section of his Civil Cover Sheet, he marks the box next to "Other Statutory Actions." (*Id.*) Further, in the brief

description of cause section, he asserts the following: "Default in International Commercial Claim #RE 485 151 659 US." (*Id.*)

Notwithstanding the aforementioned, none of the plaintiff's alleged claims arise under federal law or depend on the resolution of a disputed, substantial federal question. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 12 (1983) (reasoning that an action is said to "arise under" federal law within the meaning of § 1331, if a federal question is an ingredient of the action or when the allegations involve a disputed question of federal law or require the resolution of a substantial federal question). "Federal question jurisdiction . . . is not satisfied merely because '[a] dispute is in some way connected [to] a federal [law]." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984) (quoting *Cox v. Int'l Union of Operating Eng'rs*, 672 F.2d 421, 422 (5th Cir. 1982)). Rather, the well-pleaded complaint rule requires that a federal question be disclosed on the face of the plaintiff's complaint in order to invoke federal question jurisdiction. *See Kimmel v. Bekins Moving & Storage Co.*, 210 F. Supp.2d 850, 852 (S.D. Tex. 2002) (citing *Oliver v. Trunkline Gas Co.*, 789 F.2d 341 (5th Cir. 1986)).

In this case, no federal question has been alleged as the plaintiff merely references 28 U.S.C. § 1333 and provides no factual allegations whatsoever identifying how his claims against the defendant give rise to any action sounding in either admiralty or maritime. Since "[f]ederal courts are courts of limited jurisdiction, [] absent jurisdiction conferred by statute, [they] lack the power to adjudicate claims." *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that

subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151; *see also* Fed. R. Civ. P. 12(h)(3) ("If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."). The party seeking to invoke the jurisdiction of a federal court, however, carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)); *see also Stockman*, 138 F.3d at 151. When construing the plaintiff's "Amended Complaint" in the liberal manner afforded to *pro se* complaints, this Court finds that the plaintiff has failed to assert a basis for federal question jurisdiction and the incomprehensible nature of his complaint precludes this Court from surmising any conceivable jurisdictional basis. *See Brinkmann v. Johnston*, 793 F.2d 111, 112 (5th Cir. 1986) (reasoning that *pro se* complaints are to be liberally construed).

Second, even assuming the Court could presume a jurisdictional basis for the plaintiff's "Amended Complaint", his complaint still runs afoul of the fundamental pleading requirements of Rule 8(a)(2), as it fails to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a plaintiff is not required "to set out in detail the facts upon which he bases his claim," the Federal Rules do require "a short and plain statement of the claim" being asserted so as to give "the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). Indeed, the plaintiff's "Amended

Complaint", as written, is so unintelligible and vague that any plausible claim or theory of relief is impossible to ascertain from its contents. Moreover, the defendant cannot reasonably be expected to be placed on notice of the claims against it and/or required to respond to such an incomprehensible pleading. Accordingly, in light of the pleading deficiencies identified *supra*, this Court lacks the authority to adjudicate the plaintiff's claims. Thus, the plaintiff's "Amended Complaint" is hereby **DISMISSED with prejudice**, as any amendment under the circumstances would be futile.

It is so **ORDERED**.

SIGNED on this 11th day of February, 2019.

Kenneth M. Hoyt
United States District Judge